1  Baruch C. Cohen, Esq. (SBN 159455)
   **LAW OFFICE OF BARUCH C. COHEN**
2      A Professional Law Corporation
   4929 Wilshire Boulevard, Suite 940
3  Los Angeles, California 90010
   (323) 937-4501        Fax (323) 937-4503
4  e-mail: baruchcohen@baruchcohenesq.com

5  *Attorney For Defendant Farhad Naderi*

6

7                UNITED STATES BANKRUPTCY COURT

8                CENTRAL DISTRICT OF CALIFORNIA

9                    SANTA ANA DIVISION

10

11 In re                              Case No. 8:17-bk-12188-ES

12 FARHAD NADERI                      Adv. 8:17-ap-01233-ES

13    Debtor                          Before the Honorable Erithe Smith

14 _____        Chapter 7

15 FRED FARID ASHOUR                  **MOTION TO DISMISS COMPLAINT TO
                                      DETERMINE NONDISCHARGEABILITY
              Plaintiff               OF DEBT PURSUANT TO 11 U.S.C. §
16                                    523(a)(2), DENIAL OF DISCHARGE
   vs.                                PURSUANT TO 11 U.S.C. § 727(a)(, (a)(3),
17                                    (a)(4), and (a)(5)**
   FARHAD NADERI
18                                    [F.R.C.P. §§9(b), 12(b)(6); F.R.B.P. §§7009,
              Defendant               7012]
19
                                      Date: 3-22-2018
20                                    Time: 2:00pm
                                      Courtroom 5A
21                                    411 West Fourth Street, Santa Ana CA 92701

22

23        **TO PLAINTIFF FRED FARID ASHOUR AND HIS ATTORNEY OF RECORD**:

24        **PLEASE TAKE NOTICE** that on 3-22-2018, at 2:00 pm in the Courtroom of the Honorable

25 Erithe Smith, United States Bankruptcy Judge, Courtroom 5A located at the United States Bankruptcy

26 Court Central District of California Ronald Reagan Federal Building and Courthouse

27 411 West Fourth Street,   Santa Ana, CA 92701-459, Debtor and Defendant Farhad Naderi

28 ("Defendant") moves for an order dismissing the *Complaint to Determine Nondischargeability of*

1/8-4:26pm

1   *Debt Pursuant to 11 U.S.C. § 523, Denial of Discharge Pursuant to 11 U.S.C. § 727(a)(, (a)(3), (a)(4),*

2   *and (a)(5)* ("Complaint") filed herein by Plaintiff Fred Farid Ashour ("Plaintiff").

3       The *Motion to Dismiss* will be based on this Notice, on the attached Memorandum of Points

4   and Authorities, on all the papers and records on file in this action, and on such oral and documentary

5   evidence as may be presented at the hearing of the *Motion*.

6       Defendant brings this *Motion to Dismiss* pursuant to F.R.C.P. §§9(b), 12(b)(6), and F.R.B.P.

7   §§7009, 7012, on the grounds that Plaintiff has failed to state a claim upon which relief may be

8   granted. Plaintiff's Complaint fails to meet even the minimal elements of 11 U.S.C. §523(a)(2) and

9   § 727(a). Plaintiff attempts to allege causes of action by providing an excessive listing of vague,

10   redundant, and ultimately confusing assertions of fact (many of which only marginally qualify as

11   facts), then, failing to apply those assertions to the elements of any given cause of action, makes only

12   sweeping conclusory declarations of Defendant's liability. As a result, the pleading defies a basis for

13   drawing any reasonable inference that Defendant is responsible for the misconduct alleged, let alone

14   any of the injuries or damages which Plaintiff claims to have suffered. It is not the responsibility of

15   Defendant, and certainly not the responsibility of the Court, to decipher the relevant facts from the

16   referenced narrative in order to construct Plaintiff's claims for relief.

17       Pursuant to Local Bankruptcy Rule 9013-1, any objection or response to this *Motion* must be

18   stated in writing, filed with the Clerk of the Court and served on Defendant and his counsel no later

19   than fourteen days prior to the hearing. Failure to so state, file and serve any opposition may result in

20   the Court failing to consider the same.

22   DATED:    January 8, 2018      LAW OFFICE OF BARUCH C. COHEN
      A Professional Law Corporation

24       By ___/S/ Baruch C. Cohen_____
      Baruch C. Cohen, Esq.

25       *Attorney for Defendant Farhad Naderi*

# TABLE OF CONTENTS

MEMORANDUM OF POINTS & AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -1-

    BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -1-

    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -3-

        PLAINTIFF'S COMPLAINT IS PROPERLY DISMISSED PURSUANT TO F.R.C.P.

          §§9(B), 12(B)(6) AND F.R.B.P. §§7009, 7012 . . . . . . . . . . . . . . . . . . . .  -4-

        PLAINTIFF'S 1ST CAUSE OF ACTION UNDER 11 U.S.C. §727(a)(2)(A) IS

          PROPERLY DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -4-

        PLAINTIFF'S 1ST CAUSE OF ACTION UNDER 11 U.S.C. §727(a)(2)(B) IS

          PROPERLY DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -6-

        PLAINTIFF'S 2nd CAUSE OF ACTION UNDER 11 U.S.C.  §727(a)(4) IS

          PROPERLY DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -6-

        PLAINTIFF'S 3rd CAUSE OF ACTION UNDER 11 U.S.C. §523(a)(2)(A) IS

          PROPERLY DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -8-

          PLAINTIFF FAILED TO ALLEGE FRAUD WITH THE REQUISITE

            SPECIFICITY  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -8-

          PLAINTIFF'S FRAUD CLAIM IS BARRED BY THE APPLICABLE

            3-YEAR STATUTE OF LIMITATIONS FOR FRAUD OF

            CODE OF CIVIL PROCEDURE § 338  . . . . . . . . . . . . .  -9-

          PLAINTIFF'S FRAUD CLAIM IS BARRED BY THE DOCTRINE

            OF JUDICIAL ESTOPPEL . . . . . . . . . . . . . . . . . . . . . . .  -10-

    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -12-

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009), quoting, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

*Associated Gen. Contractors of Calif. v. California State Council of Carpenters* 459 U.S. 519, 526 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

*Aulson v. Blanchard* 83 F.3d 1, 3 (1st Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

*Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . -4-

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

*Bosse v. Crowell Collier and MacMillan*, 565 F.2d 602, 611 (9th Cir. 1977) . . . . . . . . . . . . . -8-

*Brown v. Felsen*, 442 U.S. 127, 131 (1979), quoting *Montana v. United States*, 440 U.S. 147, 153 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

*Brown v. Felsen*, 442 U.S. at 131, citing *Chicot County Drainage District v. Baxter*, 308 U.S. 371, 378 (1940) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

*Conley v Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957) . . . . . . . . . . . . . . . . . . . . . . . -4-

*De La Cruz v Tormey* 582 F.2d 45, 48 (9th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

*Graehling v. Village of Lombard, III*, 58 F.3d 295, 297 (7th Cir. 1995) . . . . . . . . . . . . . . . . . . -4-

*Hamilton v. State Farm Fire & Casualty Co.*, 275 F.3d 778, 782 (9th Cir. 2001) . . . . . . . . . . -10-

*In re Chalik*, 748 F.2d 616, 617 (11th Cir.1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

*In re Garcia*, 168 B.R. 403 (D. Ariz. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

*In re Kubick*, 171 B.R. 658, 660 (9th Cir. B.A.P. 1994); citing *In re Schwartzman*, 63 B.R. 348, 355 (Bankr. SD Ohio 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

*In re Lawson*, 122 F3d 1237 (CA9 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

*Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . -7-

*Moore vs. Kayport Package Express, Inc.*, 885 F.2d 531 (9th Cir.1989) . . . . . . . . . . . . . . . . . -8-

*N.L. Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . -3-

*Neubronner v Milken*, 6 F.3d 666, 671 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

*Palm v. Klapperman (In re Cady)*, 266 B.R. 172, 183 (9th Cir. BAP 2001) . . . . . . . . . . . . . . -12-

*Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991) . . . . . . . . . . . . . . . . -3-

*Ross v. Bolton*, 904 F.2d 819, 823 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

*Semegen v. Weider*, 780 F.2d 727, 731 (9th Cir.1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

*Stratosphere Litigation L.L.C. v. Grand Casinos, Inc*., 298 F.3d 1137, 1142 n. 3 (9th Cir. 2002)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

*Taylor v. Sturgell*, 553 U.S. 880, 892 and n. 3 (2008), citing inter alia, *New Hampshire v. Maine*, 532
U.S. 742, 748 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

*Taylor v. Sturgell*, 553 U.S. at 892, quoting, *New Hampshire v. Maine*, 532 U.S. at 748-749 . -11-

*Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), *cert. denied*, 454 U.S. 1031, 102
S.Ct. 567, 70 L.Ed. 2d 474 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

**STATUTES**

11 U.S.C.  §727(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

11 U.S.C.  §727(a)(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

11 U.S.C.  §727(a)(4)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

11 U.S.C. §523(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

California Code of Civil Procedure §338 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

Fed. R. Evid. 201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

Federal Rule of Bankruptcy Procedure 7009 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

Federal Rule of Bankruptcy Procedure 7012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

Federal Rule of Bankruptcy Procedure 7012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

Federal Rule of Civil Procedure 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

Federal Rule of Civil Procedure 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

Federal Rule of Civil Procedure 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

Federal Rule of Civil Procedure 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

Federal Rules of Civil Procedure, rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  1.       **MEMORANDUM OF POINTS & AUTHORITIES**

2          a.       **BACKGROUND**

3          On 5-31-2017, the Debtor commend this chapter 7 bankruptcy.

4          On 12-7-2017, Plaintiff commenced this Complaint. The First Cause of Action is for

5  Intentional Transfer and Concealment of Debtor's Property or Property of the Estate in Violation of

6  11 U.S.C. §727(a)(2)(A) and (B). The Second Cause of Action is for False Oath Under 11 U.S.C.

7  §727(a)(4)(A). The Third cause of action is for Money Obtained by False Pretenses and Actual Fraud

8  Pursuant to 11 U.S.C. §523(a)(2)(A).

9          Plaintiff's First Cause of Action for Intentional Transfer and Concealment of Debtor's

10  Property or Property of the Estate in Violation of 11 U.S.C. §727(a)(2)(A) and (B) is based on an

11  allegation that the Defendant knowingly, intentionally, and fraudulently concealed, transferred and

12  or removed, or permitted to be transferred, removed, and/or concealed monies received in connection

13  with his ownership interest, whether legal or equitable in the real property at 32 Via Del Tesoro, San

14  Clemente CA; both sections are barred by the applicable time provisions of the Code. As to the 1-year

15  reachback provision of 11 U.S.C. §727(a)(2)(A), the Complaint is silent about what was concealed

16  or transferred during the period of 5-31-2016 - 5-31-2017. As to the post-petition provision of 11

17  U.S.C. §727(a)(2)(B), the Complaint is silent about what was concealed or transferred after the

18  Petition Date of 5-31-2017.

19          Plaintiff's Second Cause of Action is for False Oath Under 11 U.S.C. §727(a)(4)(A) is based

20  on two (2) very simple factual scenarios:

21          Defendant checked off the box contained in his Voluntary Petition, that he did not

22  "use" a business name and Employer Identification Number (EIN) in the last 8 years." Plaintiff

23  alleges that checked box was untrue because Defendant had an interest in a California corporation

24  named Miss Sunshine's Gourmet Treats, that was incorporated in 6-21-2010 and suspended on 1-2-

25  2013. Plaintiff's Complaint does not allege that Defendant actually "used" this company. If all

26  Defendant did was incorporate and never used the company, there would be no violation. Further, the

27  Complaint cites no facts that this was more than an innocent and inadvertent oversight. No facts were

28

1/8-4:26pm

-1-

1    cited that this was a knowingly and fraudulently made false oath.

2          Defendant failed to list in his Schedule E, two debts to the California Franchise Board,

3    one in the amount of $81.178.00 and the other in the amount of$29,509.00. Plaintiff does not allege

4    that the California Franchise Tax debts were still in effect at the time of the 5-31-2017 Petition Date.

5    If they were not, and were either settled or paid off beforehand (which they actually were), there would

6    be no obligation to list them in his Schedule E. Further, the Complaint cites no facts that this was

7    more than an innocent and inadvertent oversight. No facts were cited that this was a knowingly and

8    fraudulently made false oath.

9          Plaintiff's Third cause of action for Money Obtained by False Pretenses and Actual Fraud

10   Pursuant to 11 U.S.C. §523(a)(2)(A) alleges that as of 1-16-2013 (the time Defendant allegedly

11   induced Plaintiff to release his lien securing the Plaintiff's loan of $275,000.00 to Defendant to

12   allow Defendant to sell the real property which was subject to the lien), Defendant knew he was not

13   going to pay back the loan to Plaintiff and had no intention of doing so. He allegedly represented to

14   Plaintiff that if Plaintiff would release the lien, Defendant would sell the subject property and pay

15   back plaintiff in full. Plaintiff does not explain how this fraud claim is not barred by the applicable

16   3-year statute of limitations for fraud of Code of Civil Procedure § 338?  Said fraud claim was

17   discharged by operation of law 3 years after, as of 1-16-2016. Further, according to the Complaint,

18   Defendant said that he would sell the property, and indeed sold the property. Wherein lies the fraud?

19         Further, the fraud claim in the Complaint is precluded and barred by the doctrine of judicial

20   estoppel. The Orange County lawsuit entitled: _Fred Ashour vs. Farhad Naderi_, #

21   30-2016-00869831-CU-BC-CJC for breach of contract and common counts resulted in a default

22   judgement against Defendant on 3-29-2017, did not list a fraud cause of action against Defendant.

23   The doctrine of judicial estoppel precludes Plaintiff from asserting the fraud cause of action in the

24   adversary complaint against Defendant since it was not raised in the underlying state court action.

25   Therefore, the motion to dismiss should also be granted for failure to state a claim upon which relief

26   can be granted based on judicial estoppel.

27         Accordingly, the task has fallen upon Defendant to bring the instant _Motion to Dismiss_, for

28

1  failure to state a claim upon which relief can be granted pursuant to Rule 7012 of the Federal Rules

2  of Bankruptcy Procedure, incorporating by reference, Rule 12(b)(6) of the Federal Rules of Civil

3  Procedure in order to demonstrate that Plaintiff's pleading is filled with superfluous matter, alleging

4  conduct, damages, and events which are so remote in time as to be time-barred and allegations which

5  are mere conclusions.

6        b.  **ARGUMENT**

7        A complaint must allege sufficient factual matter, which if accepted as true would "state a

8  claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949

9  (2009), quoting, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

10 plausible when a court can draw a reasonable inference that the defendant is liable for misconduct. Id.

11 The complaint must state a claim for relief that is plausible in order to survive a motion to dismiss.

12 *Ashcroft v. Iqbal*, 129 S. Ct. at 1950. A dismissal without leave to amend should not be granted unless

13 "the complaint could not be saved by any amendment." *Polich v. Burlington Northern, Inc.*, 942 F.2d

14 1467, 1472 (9th Cir. 1991) (citation omitted).

15       Federal Rules of Civil Procedure, Rule 12(b)(6) provides, in pertinent part:

16       Every defense, in law or fact, to a claim for relief in any pleading, whether a claim,
      counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive

17       pleading thereto if one is required, except that the following defenses may at the option
      of the pleader be made by motion: ... (6) failure to state a claim upon which relief can

18       be granted ... .

19       Courts have increasingly recognized that under appropriate circumstances these motions are

20 useful and even necessary tools for disposing of insupportable claims.  Thus, while the Court, in

21 deciding a motion to dismiss, must accept as true all material allegations of a complaint and construe

22 them in the light most favorable to the plaintiff. *N.L. Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

23 Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

24 accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct.

25 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has

26 facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

27 inference that the defendant is liable for the misconduct alleged." (*Ibid.*) In other words, the relevant

28

question for purposes of a motion to dismiss for failure to state a claim is "whether, assuming the factual allegations are true, the plaintiff has stated a ground for relief that is plausible." *Ashcroft*, *supra*, 129 S.Ct. at 1959. However, the Court need not accept conclusory allegations, unwarranted deductions or unreasonable inferences. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), *cert. denied*, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed. 2d 474 (1981). Nor need a court assume that Plaintiff can prove facts different from those it has alleged. *Associated Gen. Contractors of Calif. v. California State Council of Carpenters* 459 U.S. 519, 526 (1983).  As one court has put it, courts need not "swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." *Aulson v. Blanchard* 83 F.3d 1, 3 (1st Cir. 1996).

Federal Rule of Civil Procedure 12(b)(6), made applicable to bankruptcy by Federal Rule of Bankruptcy Procedure 7012, is similar to the common law general demurrer in that it tests the legal sufficiency of the claim or claims stated in the Plaintiff's First Amended Complaint. A court must decide whether the facts alleged, if true, would entitle the plaintiff to some form of legal remedy. *Conley v Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); *De La Cruz v Tormey* 582 F.2d 45, 48 (9th Cir. 1978).

Therefore, a Rule 12(b)(6) dismissal motion is proper where there is an absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill*, 58 F.3d 295, 297 (7th Cir. 1995). If a critical threshold element is missing from the Plaintiff's Complaint, a motion to dismiss under Rule 12(b)(6) must be granted. This is precisely the problem with Plaintiff's Complaint - alleged facts are not stated with the requisite specificity.

        i.      **PLAINTIFF'S COMPLAINT IS PROPERLY DISMISSED PURSUANT TO F.R.C.P. §§9(B), 12(B)(6) AND F.R.B.P. §§7009, 7012**

        (1)     **PLAINTIFF'S 1ST CAUSE OF ACTION UNDER 11 U.S.C. §727(a)(2)(A) IS PROPERLY DISMISSED**

11 U.S.C.  §727(a)(2)(A) - Discharge provides:

-4-

1
2
3
4

(a) The court shall grant the debtor a discharge, unless—
(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
(A) property of the debtor, ***within one year before the date of the filing of the petition***
[Emphasis added]

5
6
7
8
9
10

Two elements comprise an objection to discharge under 11 U.S.C. § 727(a)(2)(A): 1) a disposition of property by or at the sufferance of the debtor by transfer, removal, destruction, mutilation, or concealment; and 2) a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act disposing of the property. Both elements must take place within 1-year of the Petition Date of 5-31-2017 (the one-year pre-filing period); acts and intentions occurring before this period are forgiven. *In re Lawson*, 122 F3d 1237 (CA9 1997).

11
12
13
14
15

This section is construed liberally in favor of the debtor and strictly against those objecting to discharge. Before a court can refuse a discharge under 11 U.S.C. § 727(a)(2)(A), it must be shown that there was an actual transfer of valuable property belonging to the debtor which reduced the assets available to the creditors and which was made with fraudulent intent. *In re Garcia*, 168 B.R. 403 (D. Ariz. 1994).

16
17
18
19
20
21

The Defendant had no obligation to disclose an inactive suspended company, that is worth nothing, that is not material, that did no business at the time of the Petition, that had no customers at that time, and that had no employees then. The omission of this asset was not a detriment to creditors. This asset bears no relationship whatsoever to the Debtor's current business transactions, nor did it concern the discovery of assets, business dealings, or the existence and disposition of the Debtor's property." *In re Chalik*, 748 F.2d 616, 617 (11th Cir.1984).

22
23
24
25
26

In fact, if this case should go to trial, the evidence will show that said property was substantially underwater and was in a nonjudicical foreclosure. Plaintiff's security on the property was eclipsed by the substantial liens on the property before him. There was simply no equity in this property. Plaintiff released his worthless lien in order to sell the property in a short sale to avoid the adverse ramifications of a foreclosure and capital gains taxes.

27
28

According to the Complaint, Defendant's alleged fraud occurred on 1-16-2013 (the time

Defendant induced  Plaintiff to release his lien securing the Plaintiff's  loan of $275,000.00  to

Defendant to allow Defendant  to sell the real property  which was subject to the lien), which is

beyond the 1-year reachback provision of 11 U.S.C.  §727(a)(2)(A).  The Complaint is silent about

what was concealed or transferred during the period of 5-31-2016 - 5-31-2017.

There is no factual allegation in the Complaint of any subjective intent on the Debtor's part to

hinder, delay or defraud a creditor, or any creditor, from 5-31-2016 - 5-31-2017.

Accordingly, Plaintiff's 1st Cause of Action under 11 U.S.C.  §727(a)(2)(A) is properly

dismissed.

(2)    **PLAINTIFF'S 1ST CAUSE OF ACTION UNDER 11 U.S.C.**
**§727(a)(2)(B) IS PROPERLY DISMISSED**

11 U.S.C.  §727(a)(2)(B) - Discharge provides

(a) The court shall grant the debtor a discharge, unless—
(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the
estate charged with custody of property under this title, has transferred, removed,
destroyed, mutilated, or concealed, or has permitted to be transferred, removed,
destroyed, mutilated, or concealed—
(B) property of the estate, ***after the date of the filing of the petition***;  [Emphasis
added]

Two elements comprise an objection to discharge under 11 U.S.C. § 727(a)(2)(B): 1) a

disposition of property by or at the sufferance of the debtor by transfer, removal, destruction,

mutilation, or concealment; and 2) a subjective intent on the debtor's part to hinder, delay or defraud

a creditor through the act disposing of the property. Both elements must take place *after* the Petition

Date of 5-31-2017.

The Complaint is silent about what was concealed or transferred after the Petition Date of 5-

31-2017.

Accordingly, Plaintiff's 1st Cause of Action under 11 U.S.C.  §727(a)(2)(B) is properly

dismissed.

(3)    **PLAINTIFF'S 2nd CAUSE OF ACTION UNDER 11 U.S.C.**
**§727(a)(4) IS PROPERLY DISMISSED**

11 U.S.C.  §727(a)(4)(A) - Discharge provides:

1    (a) The court shall grant the debtor a discharge, unless—
(4) the debtor knowingly and fraudulently, in or in connection with the case—
2    (A) made a false oath or account

3    Plaintiff's Second Cause of Action is for False Oath Under 11 U.S.C. §727(a)(4)(A) is based

4    on two (2) very simple factual scenarios:

5        Defendant checked off the box contained in his Voluntary Petition, that he did not

6    "use" a business  name and Employer  Identification Number (EIN) in the last 8 years." Plaintiff

7    alleges that checked box was untrue because Defendant had an interest in a California corporation

8    named Miss Sunshine's Gourmet Treats, that was incorporated in 6-21-2010 and suspended on 1-2-

9    2013. Plaintiff's Complaint does not allege that Defendant actually "used" this company. In fact, the

10   Complaint ¶ 25 misstates the standard: "debtor failed to set forth any information  regarding  his

11   ownership interest or other interest  in Miss Sunshine's  Gourmet Treats." The Voluntary Petition does

12   not obligate a debtor to identify companies that he owns. Schedule B does. The Voluntary Petition

13   merely asks what companies Debtor "uses." The Complaint cites no facts that the Debtor "used" or

14   "uses" the suspended company. Again, if all Defendant did was incorporate and never used the

15   company, there would be no violation. Further, the Complaint cites no facts that this was more than

16   an innocent and inadvertent oversight. No facts were cited that this was a knowingly and fraudulently

17   made false oath.

18       Defendant failed to list in his Schedule E, two debts to the California Franchise Board,

19   one in the amount of $81.178.00  and the  other in the amount of$29,509.00. Plaintiff does not allege

20   that the California Franchise Tax debts were still in effect at the time of the 5-31-2017 Petition Date.

21   If they were not, and were either settled or paid off beforehand (which they actually were), there would

22   be no obligation to list them in his Schedule E. Further, the Complaint cites no facts that this was more

23   than an innocent and inadvertent oversight. No facts were cited that this was a knowingly and

24   fraudulently made false oath.

25       In fact, if this case should go to trial, the evidence will show that the California Franchise Tax

26   Board released the $81,178 debt on 5-1-2016, and released the $29,508 debt on 11-1-2014. As a

27   general rule, the court may not consider any material beyond the pleadings in considering a motion

28

to dismiss under Rule 12(b)(6). *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). A court may "take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment . . . but [only when taking] judicial notice of a fact that is [not] subject to reasonable dispute. Id. at 689-690; see also, Fed. R. Evid. 201. In considering defendant's motion to dismiss, the court may take judicial notice of the Lexis/Nexis report on Defendant that reflects the Franchise Tax Boards release of the Debtor's debts - all pre-petition.[1]

Accordingly, Plaintiff's 2nd Cause of Action under 11 U.S.C. §727(a)(4) is properly dismissed.

(4)    **PLAINTIFF'S 3rd CAUSE OF ACTION UNDER 11 U.S.C. §523(a)(2)(A) IS PROPERLY DISMISSED**

(a)    **PLAINTIFF FAILED TO ALLEGE FRAUD WITH THE REQUISITE SPECIFICITY**

Federal Rule of Civil Procedure 9(b), made applicable to bankruptcy by Federal Rule of Bankruptcy Procedure 7009, states as follows: "In all averments of fraud or mistake the circumstances constituting fraud or mistake shall be stated with particularity ... ." Federal Rule of Civil Procedure 9(b). See, *In re Kubick*, 171 B.R. 658, 660 (9th Cir. B.A.P. 1994); citing *In re Schwartzman*, 63 B.R. 348, 355 (Bankr. SD Ohio 1986).

Federal Rule of Civil Procedure 9(b) requires the identification of the specific circumstances constituting fraud so the defendant can prepare an adequate answer to the allegations. *Moore vs. Kayport Package Express, Inc.*, 885 F.2d 531 (9th Cir.1989). In order to properly allege fraud with particularity, the "pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Semegen v. Weider*, 780 F.2d 727, 731 (9th Cir.1985); *Bosse v. Crowell Collier and MacMillan*, 565 F.2d 602, 611 (9th Cir. 1977). The "particularity" requirement serves to provide defendants with adequate notice of both the nature and grounds of the claim, to protect defendants from the reputational harm associated with fraud claims and to prevent the filing of claims merely to discover unknown wrongs. *Neubronner v Milken*, 6 F.3d

---

[1]A true and correct copy of the Lexis/Nexis report on Defendant that reflects the Franchise Tax Boards release of the Debtor's debts - all pre-petition is attached hereto as Exhibit "1" and is incorporated herein by this reference.

1    666, 671 (9th Cir. 1993).

2    The fraud allegations must be specific enough to give the defendant notice of the particular

3    misconduct which is alleged to constitute the fraud, so that his can defend against the charge and not

4    just deny that his have done anything wrong. *Semegen v. Weider*, *supra*., *Neubronner v Milken*, *supra*.

5    Allegations that are vague or conclusory are insufficient to satisfy the "particularity" requirement of

6    F.R.C.P. 9(b). *Moore v. Kayport Package Express*, *supra*, at 540.

7    Satisfying the pleading requirement of Fed. R. Civ. P. 9(b), requires that the time, place, and

8    nature of the Debtor's alleged misrepresentation be set forth so that the Debtor's alleged intent to

9    defraud is evident in the Plaintiff's First Amended Complaint. *Ross v. Bolton*, 904 F.2d 819, 823 (2d

10    Cir. 1990).

11    Throughout his Complaint, Plaintiff failed to plead with particularity the details of Defendant's

12    alleged fraud. Plaintiff's Complaint fails to specify the precise time, place or content of any of

13    Defendant's alleged fraudulent conduct. The allegations presented in Plaintiff's Complaint are the

14    garden variety examples of vagueness that the F.R.C.P. was designed to combat and prevent.

15    Plaintiff's Complaint fails to identify with sufficient particularity a specific instance of misconduct

16    by Defendant (i.e., who, what where?).

17    As Plaintiff cannot state a viable cause of action for fraud, as discussed above, Plaintiff cannot

18    state a cause of action pursuant to 11 U.S.C. §523(a)(2)(A), and said claim is properly dismissed.

19    (b)    **PLAINTIFF'S FRAUD CLAIM IS BARRED BY THE**

20    **APPLICABLE 3-YEAR STATUTE OF LIMITATIONS**

21    **FOR FRAUD OF CODE OF CIVIL PROCEDURE § 338**

22    California Code of Civil Procedure §338 provides a 3-year statute of limitations for fraud.

23    Plaintiff's Complaint §27 alleges that as of 1-16-2013 (the time Defendant allegedly induced Plaintiff

24    to release his lien securing the Plaintiff's loan of $275,000.00 to Defendant to allow Defendant to

25    sell the real property which was subject to the lien), Defendant knew he was not going to pay back

26    the loan to Plaintiff and had no intention of doing so. He allegedly represented to Plaintiff that if

27    Plaintiff would release the lien, Defendant would sell the subject property and pay back plaintiff in

28

full. Plaintiff does not explain how this fraud claim is not barred by the applicable 3-year statute of limitations for fraud of Code of Civil Procedure § 338?  Said fraud claim was discharged by operation of law 3 years after, as of 1-16-2016. Further, according to the Complaint, Defendant said that he would sell the property, and indeed sold the property. Wherein lies the fraud?

(c)   <strong>PLAINTIFF'S FRAUD CLAIM IS BARRED BY THE DOCTRINE OF JUDICIAL ESTOPPEL</strong>

And to the extent Plaintiff will attempt to amend his Complaint to allege when he discovered the alleged fraud, that would be a lesson in futility.

Plaintiff sued Defendant in an Orange County lawsuit entitled: *Fred Ashour vs. Farhad Naderi*, # 30-2016-00869831-CU-BC-CJC for breach of contract and common counts which resulted in a default judgement against Defendant on 3-29-2017.[2] Said lawsuit did not list a fraud cause of action against Defendant.  The doctrine of judicial estoppel precludes Plaintiff from asserting the fraud cause of action in the adversary complaint against Defendant since it was not raised in the underlying state court action. Therefore, the motion to dismiss should also be granted for failure to state a claim upon which relief can be granted based on judicial estoppel.

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Casualty Co.*, 275 F.3d 778, 782 (9th Cir. 2001). "In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Hamilton v. State Farm Fire & Casualty Co.*, 275 F.3d at 783, quoted in *HPG Corp. v. Aurora Loan Service, LLC*, 436 B.R. 569, 577 (E.D. Cal. 2010).

As alleged in plaintiff's adversary complaint, Plaintiff asserts causes of action for fraud that existed before he filed his state court lawsuit.

As a general rule, the court may not consider any material beyond the pleadings in considering

---

[2] A true and correct copy of the Orange County lawsuit entitled: *Fred Ashour vs. Farhad Naderi*, # 30-2016-00869831-CU-BC-CJC is attached hereto as Exhibit "2" and is incorporated herein by this reference.

a motion to dismiss under Rule 12(b)(6). *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)

(citation omitted). A court may "take judicial notice of matters of public record without converting

a motion to dismiss into a motion for summary judgment . . . but [only when taking] judicial notice

of a fact that is [not] subject to reasonable dispute. Id. at 689-690; see also, Fed. R. Evid. 201. In

considering defendant's motion to dismiss, the court may take judicial notice of the proceedings before

this court in this bankruptcy case, such as the Orange County lawsuit entitled: *Fred Ashour vs. Farhad

Naderi*, # 30-2016-00869831-CU-BC-CJC for breach of contract and common counts resulted in a

default judgement against Defendant on 3-29-2017.[3] Accordingly, under *Hamilton*, the doctrine of

judicial estoppel precludes plaintiff from asserting the fraud cause of action in the adversary complaint

against Defendant since it was not raised in the state court cause of action. Therefore, the motion to

dismiss should also be granted for failure to state a claim upon which relief can be granted based on

judicial estoppel.

Further,  state court judgment has also preclusive effect, as the state court judgment is final

under state law for claim or issue preclusion purposes. A judgment may have preclusive effect under

the doctrines of claim preclusion and issue preclusion, which are collectively known as res judicata.

*Taylor v. Sturgell*, 553 U.S. 880, 892 and n. 3 (2008), citing inter alia, *New Hampshire v. Maine*, 532

U.S. 742, 748 (2001).

> "Under the doctrine of claim preclusion, a final judgment forecloses successive
> litigation of the very same claim, whether or not relitigation of the claim raises the
> same issues as the earlier suit." Id.

Issue preclusion "bars 'successive litigation of an issue of fact or law that was actually litigated and

resolved in a valid court determination essential to that prior judgment,' even if the issue recurs in the

context of a different claim." *Taylor v. Sturgell*, 553 U.S. at 892, quoting, *New Hampshire v. Maine*,

532 U.S. at 748-749.

Under the doctrine of claim preclusion, "a final judgment on the merits bars further claims by

parties or their privies based on the same cause of action." *Brown v. Felsen*, 442 U.S. 127, 131 (1979),

---

[3]A true and correct copy of the Court's docket of the the Orange County lawsuit entitled: *Fred
Ashour vs. Farhad Naderi*, # 30-2016-00869831-CU-BC-CJC showing the default judgement and the
Default Judgement is attached hereto as Exhibit "3" and is incorporated herein by this reference.

1    quoting _Montana v. United States_, 440 U.S. 147, 153 (1979). Under the federal standard of claim

2    preclusion (or res judicata) applicable to this court's orders, three elements must be met for issue

3    preclusion to apply: (1) an identity of claims; (2) a final judgment on the merits; and (3) privity

4    between parties. _Stratosphere Litigation L.L.C. v. Grand Casinos, Inc_., 298 F.3d 1137, 1142 n. 3 (9th

5    Cir. 2002) (citation omitted). The doctrine of claim preclusion is applicable here because the court's

6    orders allowing defendant's creditor claim involve the same cause of action since the plaintiff in this

7    adversary proceeding seeks damages based on defendant's assertion of his creditor claim; the orders

8    are final judgments on the merits; and the same parties are involved in both the claims allowance

9    litigation and in this adversary proceeding. Claim preclusion prevents litigation of all grounds for, or

10   defenses to, recovery that were previously available to the parties, regardless of whether they were

11   asserted or determined in the prior proceeding. _Brown v. Felsen_, 442 U.S. at 131, citing _Chicot County_

12   _Drainage District v. Baxter_, 308 U.S. 371, 378 (1940). Plaintiff could have raised his claims of breach

13   of contract and contempt of court now asserted in his adversary complaint earlier in objecting to

14   defendant's creditor claim in the claims allowance litigation, but did not.

15         The doctrine of claim preclusion prevents plaintiff from doing so now.

16         Under the federal standard of issue preclusion applicable to this court's orders, four elements

17   must be met for issue preclusion to apply: (1) the issue sought to be precluded must be the same as

18   that involved in the prior action; (2) the issue must have been actually litigated; (3) it must have been

19   determined by a valid and final judgment;  and (4) the determination must have been essential to the

20   final judgment. _Palm v. Klapperman (In re Cady)_, 266 B.R. 172, 183 (9th Cir. BAP 2001) (citation

21   omitted).

22         The Orange County court's default judgement order for breach of contract meets this standard

23   and bars further action of Plaintiff to now allege fraud. The Defendant's liability emerging from the

24   real property was actually litigated by the parties, was determined by valid and final judgments of this

25   court, namely, the order allowing the default judgement based on breach of contract, only. The

26   determination of the issue of breach of contract (and not fraud) was essential to the final default

27   judgement. Accordingly, plaintiff is also barred by the doctrine of issue preclusion from alleging a

28

1   fraud claim in this adversary proceeding.

2            c.        **CONCLUSION**

3            Here, Plaintiff has not demonstrated, nor can he state a viable claim under any cause of action

4   in his Complaint; lacking liability and filed for the purpose of harassment, unreasonable delay, and

5   to obtain an unfair advantage in the state court action. This is particularly so when one examines the

6   Complaint's claims, which consists of no more than the gratuitous and bare-bones boilerplate

7   conclusions minimally invoking this Court's jurisdiction.

8            For the above reasons, Defendant prays that this Court dismiss Plaintiff's Complaint <u>with</u>

9   <u>prejudice</u>, that Plaintiff not be granted leave to amend, that Plaintiff take nothing by his Complaint,

10  and that Defendant's alleged debt to Plaintiff be discharged. Further, Defendant prays that this Court

11  issue a finding of fact that the claims brought by Plaintiff are dischargeable, and that pursuant to 11

12  U.S.C. §524(a)(1) and (2), this discharge should also serve to void any future judgment to determine

13  the personal liability of Defendant and operate as a permanent injunction against any actions whether

14  commenced pre-petition or post-petition. Further, Defendant prays that this Court award Defendant's

15  costs and reasonable attorney's fees in an amount which will be ascertained, pursuant to 11 U.S.C.

16  §523(d) and Federal Rule of Bankruptcy Procedure 9011.

17           According, Defendant respectfully requests that the Court enter an order granting the *Motion*

18  in its entirety, and providing for such other and further relief as this Court deems just.

19

20  DATED:          January 8, 2018              LAW OFFICE OF BARUCH C. COHEN
                                                 A Professional Law Corporation
21
                                                 By ___ /S/ Baruch C. Cohen _____
22                                               Baruch C. Cohen, Esq.
                                                 *Attorney for Defendant Farhad Naderi*
23

24

25

26

27

28



Personal Solutions: Credit Reports, Credit Scores, Protection Against Identity Th...   Page 2 of 3

Available until
04/17/2017
- Report Does Not Update

## Public Records

This section includes public record items Equifax obtained from local, state and federal courts through a third party vendor, LexisNexis. They can be contacted at:
https://equifaxconsumers.lexisnexis.com
1.877.303.5123
LexisNexis Consumer Center
P.O. Box 105615
Atlanta, GA 30348-5108

**Equifax**

| Court | Plaintiff | Docket Number | Filing Date | Balance Amount | Account Status | Type |
|---|---|---|---|---|---|---|
| ORANGE CR | | 2016000219617 | 05/2016 | $81,178 | Released on 08/01/2016 | TaxLienOther |
| ORANGE CR | | 2014000419467 | 09/2013 | $29,508 | Released on 11/01/2014 | TaxLienOther |

**TransUnion**

| Court | Plaintiff | Docket Number | Filing Date | Balance Amount | Account Status | Type |
|---|---|---|---|---|---|---|
| | STATE OF CALIFORNIA | 1600021961? | 05/2016 | $81,178 | | TaxLienOther |
| | STATE OF CALIFORNIA | 1100892339? | 09/2013 | $29,508 | Released on 11/04/2014 | TaxLienOther |

**Experian**

**You have no public records on file**

©2017 Equifax, Inc. All rights reserved. Privacy Policy | Terms of Use | FCRA Statement of Rights | Ad Choices

Exhibit # _____ Page # _____

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

08/17/2016 at 10:40:41 AM

Clerk of the Superior Court
By Christin Dawson, Deputy Clerk

1  R. KEVIN FISHER (State Bar No. 131455)
   FISHER & KREKORIAN
2  2121 Park Drive
   Los Angeles, California 90026
3  Telephone (310) 862-1220

4  Attorney for Plaintiff
   FRED ASHOUR
5

6

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                    **FOR THE COUNTY OF ORANGE**

9

10                                                         Judge Craig Griffin

11  FRED ASHOUR,                    )    CASE NO.:   30-2016-00869831-CU-BC-CJC
                                    )
12              Plaintiff,          )
                                    )    COMPLAINT FOR:
13  vs.                             )    (1) BREACH OF CONTRACT &
                                    )    (2) COMMON COUNTS
14  FARHAD NADERI, an individual,   )
    aka FRED NADERI; and            )
15  DOES 1 Through 20, Inclusive,   )
                                    )
16              Defendants.         )
                                    )
17  _____

18      Plaintiff, Fred Ashour, brings this action against defendants for general, compensatory, and

19  statutory damages, pre-judgment interest, costs, and attorneys' fees; and other appropriate and just

20  relief resulting from:

21                         **GENERAL ALLEGATIONS**

22      1.    Plaintiff, Fred Ashour ("Plaintiff"), is an individual residing in Orange County, State

23  of California.

24      2.    At all times relevant hereto, Defendant, Farhad Naderi, also known as Fred Naderi, is

25  an individual believed to be residing in the County of Orange, State of California.

26      3.    The true names and capacities, whether individual, corporate, associate or otherwise,

27  of the Defendants sued herein as Does 1 through 20, are unknown to Plaintiff, who therefore sues

28  said Defendants by such fictitious names.  Plaintiff will amend this Complaint to insert the true

---

                                    1                                Complaint

Exhibit # __2__   Page # __1__

1   names and capacities of said Defendants when same have been ascertained. Each of the Defendants

2   designated herein as a "Doe" is legally responsible in some manner for the conduct alleged herein

3   and for the damages suffered by Plaintiff.

4       4.    At all times material hereto, each of the Defendants were the agents, servants and/or

5   employees of each of the remaining Defendants, acted within the scope, purpose and course of said

6   agency, service and/or employment with the express or implied knowledge, permission and/or

7   consent of the remaining Defendants, and ratified and approved the acts of the other Defendants.

8       5.    Plaintiff is informed and believes, and based thereon alleges, that any corporate

9   and/or business entity defendants are a mere sham and/or shell organized and operated as the alter

10   ego of Farhad Naderi and/or the Doe defendants, and there has existed such a unity of ownership and

11   interest between the entities and Farhad Naderi and/or the Doe defendants, and such complete

12   control by Farhad Naderi and/or the Doe defendants over the entities that an injustice will result if

13   the theoretical existence of the corporate entity is not disregarded and Farhad Naderi and/or the Doe

14   defendants and/or the entities held liable for the indebtedness of each other that failing to pierce the

15   corporate veil would permit an abuse of the corporate privilege and would sanction fraud.

16   **FIRST CAUSE OF ACTION**

17   (For Breach of Contract Against All Defendants)

18       6.    On January 16, 2013, Plaintiff and Defendants entered into an promissory note

19   ("NOTE") agreement whereby Defendants borrowed from and promised to repay Plaintiff

20   $275,000.00. A true and correct copy of the NOTE is attached as Exhibit "A."

21       7.    By its terms the NOTE became due and payable on January 16, 2015.

22       8.    Plaintiff has performed fully under the terms of the NOTE except to the extent

23   excused or prevented by Defendants.

24       9.    Beginning on January 16, 2015 and continuing through the present date Defendants

25   breached the terms of the NOTE by failing to pay Plaintiff $275,000.00.

26       10.    As a proximate result of the breach of the terms of the NOTE by Defendants, Plaintiff

27   has suffered damages in the principal amount of $275,000.00.

28

2                                    Complaint

Exhibit # ___2___ Page # ___2___

## SECOND CAUSE OF ACTION

### (For Common Counts Against All Defendants)

11.   Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 10 above and incorporates the same by this reference as if set forth in full.

12.   Within the last two years Defendants became indebted to Plaintiff on an open book account for money due.

13.   Within the last two years because an account was stated in writing by and between Plaintiff and Defendants in which it was agreed that Defendants were indebted to Plaintiff in the amount of $275,000.00.

14.   Plaintiff is informed and believes, and based thereon alleges, that Plaintiff is entitled to attorney's fees by statute.

**WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AS FOLLOWS:**

1.   For general compensatory damages in the amount of $275,000.00;

2.   For an award of interest, including pre-judgment and post-judgment interest, at the legal rate;

3.   For costs of suit incurred herein;

4.   For attorney's fees; and

5.   For such other and further relief as the court may deem just and proper.

Date: August 17, 2016                                      FISHER & KREKORIAN

                                                           R. Kevin Fisher
                                                           Attorney for Plaintiff
                                                           FRED ASHOUR

3                                              Complaint

**Exhibit #  2  Page #  3**

# EXHIBIT A

Exhibit # ____2____ Page # ____4____

## PROMISSORY NOTE

Principal amount: $ 275,000.00                    DATE, 1 / 16 / 13

FOR VALUE RECEIVED, I, ___Farhad Naderi___ (Borrower)
promise to pay ___Fred Ashour___ (Lender)
The sum of ___Two Hundred Seventy Five Thousand___ Dollars
($ 275,000.00 ), and interest at the yearly rate of _8_ % on the unpaid
balance as specified below.

Borrower will pay one lump payment in lawful money of the United States on:
__1 / 16 / 15__.

Payments will be applied first to interest and then to principal.

This note may be prepaid by the Borrower at any time in whole or in part without
premium or penalty.

The Borrower must promptly inform the Lender of any change in name or address.

IN WITNESS WHEREOF, I set my hand under seal this _16_ th day of
__January__, 20 13 and I acknowledge receipt of a completed copy of this
instrument.

___Borrower's Signature___

Permanent Address:       22 Via Del Tesoro
                         San Clemente, CA 92673

Driver's License Number: __A8864043 - CA__

See Attached CA Acknowledgement

JEFF GANGE
Commission # 1876656
Notary Public - California
Orange County
My Comm. Expires Jan 12, 2014

Exhibit # ___2___   Page # ___5___

# CALIFORNIA ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

State of California

County of _Orange_

On _Jan 16_, _2013_ before me, _Jeff Gange    Notary Public_,
(Here insert name and title of the officer)

personally appeared _Farhad Naderi_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary Public

> JEFF GANGE
> Commission # 1876656
> Notary Public - California
> Orange County
> My Comm. Expires Jan 12, 2014

(Notary Seal)

---

## ADDITIONAL OPTIONAL INFORMATION

### DESCRIPTION OF THE ATTACHED DOCUMENT

_Promissory Note_
(Title or description of attached document)

_275,000.00_
(Title or description of attached document continued)

Number of Pages _1_    Document Date _1/16/13_

_____
(Additional information)

### CAPACITY CLAIMED BY THE SIGNER
- [x] Individual (s)
- [ ] Corporate Officer

  _____
  (Title)
- [ ] Partner(s)
- [ ] Attorney-in-Fact
- [ ] Trustee(s)
- [ ] Other _____

### INSTRUCTIONS FOR COMPLETING THIS FORM
Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required.

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they- is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  - ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
  - ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document

2008 Version CAPA v12.10.07 800-873-9865 www.NotaryClasses.com

**Exhibit # _2_    Page # _6_**

90

After Recording Return To:
_FARHAD NADERI_
_32 Via Del Tesoro_
_San Clemente_
_CA 92673_

**Recorded in Official Records, Orange County**
**Tom Daly, Clerk-Recorder**

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ 21.00
2011000249957 12:49 pm 05/19/11
90 414 D11   5
0.00 0.00 0.00 0.00 12.00 0.00 0.00 0.00

_____ _____ [Space Above This Line For Recording Data] _____

## DEED OF TRUST

DEFINITIONS

Words used in multiple sections of this Security Instrument are defined below, in the "Definitions" Section of the Fictitious Deed of Trust, and in Sections 3, 11, 13, 18, 20 and 21 of the Fictitious Deed of Trust. Certain rules regarding the usage of words used in this Security Instrument are also provided in Section 16 of the Fictitious Deed of Trust.

TT
5P
CC

(A)    "**Security Instrument**" means this document, which is dated  _5_ , _19_ , _2011_ together with all Riders to this document.
(B)    "**Borrower**" is  _FARHAD NADERI_ .
Borrower is the trustor under this Security Instrument.
(C)    "**Lender**" is  _FARID ASHOUR_ .
Lender is a _____ organized and existing under the laws of
_____ . Lender's address is  _16621 Honeybee Dr. Tustin, CA_ .
Lender is the beneficiary under this Security Instrument.  _92782_
(D)    "**Trustee**" is  _FARID ASHOUR_
(E)    "**Note**" means the promissory note signed by Borrower and dated  _Sep. 9 , 2009_ .
The Note states that Borrower owes Lender  _Two Hundred Seventy Five Thousand_ Dollars.
(U.S. $ _275,000.00_ ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments (as defined in the Fictitious Deed of Trust) and to pay the debt in full not later than  _Sep. 9, 2016_ .
(F)    "**Property**" means the property that is described below under the heading "Transfer of Rights in the Property."
(G)    "**Loan**" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac SHORT FORM DEED OF TRUST          Form 3005-SF 7/07 (rev. 12/07)
(page 1 of 3 pages)



Item # 11 on Prelim

Exhibit # ___2___ Page # ___7___

**(H) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider ☐ Condominium Rider ☐ Second Home Rider
☐ Balloon Rider ☐ Planned Unit Development Rider ☐ Other(s) [specify]
☐ 1-4 Family Rider ☐ Biweekly Payment Rider _____

All references to section numbers in the Security Instrument that are contained in the Riders refer to those sections of the same number incorporated from the Fictitious Deed of Trust.

## TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of _____ORANGE_____:
[Name of Recording Jurisdiction]

See Exhibit "A"

which currently has the address of ___32 Via Del Tesoro___
[Street]
___San Clemente___, California ___92673___ ("Property Address").
[City] [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac SHORT FORM DEED OF TRUST       Form 3005-SF 7/07 (rev. 12/07)
(page 2 of 3 pages)


Exhibit # __2__ Page # __8__

# Exhibit "A"

PARCEL A:

Lot 16 of Tract 11793, in the City of San Clemente, County of Orange, State of California, as shown on a map recorded in book 521, pages 24 through 27 inclusive of miscellaneous maps, in the office of the County Recorder of Orange County, California. The aforesaid map of Tract 11793 was corrected by a Certificate of Correction recorded on January 24, 1989 as instrument no. 89-40953 of Official Records of said county.

Except therefrom all oil, gas, minerals and other hydrocarbons, below a depth of 500 feet, without the right of surface entry, as reserved in deeds of record.

PARCEL B:

Nonexclusive easements for ingress and egress, access, drainage, maintenance and other purposes as described in the project documents.

Exhibit # ____2____ Page # ____9____

INCORPORATION OF FICTITIOUS DEED OF TRUST PROVISIONS

Paragraph (I) through and including paragraph (Q) of the "Definitions" Section of the Fictitious Deed of Trust, and Section 1 through and including Section 25 of the Fictitious Deed of Trust, are incorporated into this Security Instrument by reference. Borrower acknowledges having received a copy of the Fictitious Deed of Trust and agrees to be bound by the Sections and paragraphs of the Fictitious Deed of Trust incorporated into this Security Instrument.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument (including those provisions of the Fictitious Deed of Trust that are incorporated by reference) and in any Rider executed by Borrower and recorded with it.

The undersigned Borrower requests that a copy of any Notice of Default and any Notice of Sale under this Security Instrument be mailed to the Borrower at the address set forth above.

Witnesses:

_____      _____ (Seal)
                                                           FARHAD NADERI      - Borrower

_____      _____ (Seal)
                                                                                         - Borrower


_____ [Space Below This Line For Acknowledgment] _____


CALIFORNIA--Single Family--Fannie Mae/Freddie Mac SHORT FORM DEED OF TRUST          Form 3005-SF 7/07 (rev. 12/07)
                                                                                                                              (page 3 of 3 pages)



Exhibit # ___2___ Page # __10__

State of California

County of _OR HNGE_

On _05/19/11_____ before me, _AAturo A-Oтего_____ Notary Public personally appeared
_FARHAD NAAERI_

_____,who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the
instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature_____(Seal)


ARTURO ALBERTO OTERO
Commission # 1746182
Notary Public - California
Orange County
My Comm. Expires May 20, 2011

Exhibit # _2_____ Page # _11_

Case Summary:

| Case Id: | 30-2016-00869831-CU-BC-CJC |
|---|---|
| Case Title: | FRED ASHOUR VS. FARHAD NADERI |
| Case Type: | BREACH OF CONTRACT/WARRANTY |
| Filing Date: | 08/17/2016 |
| Category: | CIVIL - UNLIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 1 | E-FILING TRANSACTION 3447115 RECEIVED ON 08/17/2016 10:46:41 AM. | 08/17/2016 | | *NV* | |
| 2 | COMPLAINT FILED BY ASHOUR, FRED ON 08/17/2016 | 08/17/2016 | | 6 pages | |
| 3 | CIVIL CASE COVER SHEET FILED BY ASHOUR, FRED ON 08/17/2016 | 08/17/2016 | | 2 pages | |
| 4 | SUMMONS ISSUED AND FILED FILED BY ASHOUR, FRED ON 08/17/2016 | 08/17/2016 | | 1 pages | |
| 5 | PAYMENT RECEIVED BY AMERICANLEGALNET FOR 194 - COMPLAINT OR OTHER 1ST PAPER IN THE AMOUNT OF 435.00, TRANSACTION NUMBER 12016141 AND RECEIPT NUMBER 11840191. | 08/17/2016 | | 1 pages | |
| 6 | CASE ASSIGNED TO JUDICIAL OFFICER GRIFFIN, CRAIG ON 08/17/2016. | 08/17/2016 | | 1 pages | |
| 7 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 02/03/2017 AT 09:30:00 AM IN C17 AT CENTRAL JUSTICE CENTER. | 08/31/2016 | | 2 pages | |
| 8 | E-FILING TRANSACTION 2512086 RECEIVED ON 11/28/2016 12:37:29 PM. | 11/28/2016 | | *NV* | |
| 9 | CASE MANAGEMENT STATEMENT FILED BY ASHOUR, FRED ON 11/28/2016 | 11/28/2016 | | 6 pages | |
| 10 | E-FILING TRANSACTION 2512738 RECEIVED ON 11/30/2016 10:27:33 AM. | 11/30/2016 | | *NV* | |
| 11 | PROOF OF SERVICE OF 30-DAY SUMMONS & COMPLAINT - SUBSTITUTE FILED BY ASHOUR, FRED ON 11/30/2016 | 11/30/2016 | | 6 pages | |
| 12 | E-FILING TRANSACTION NUMBER 4659094 REJECTED. | 01/10/2017 | | 1 pages | |
| 13 | E-FILING TRANSACTION NUMBER 4661790 REJECTED. | 01/17/2017 | | 1 pages | |
| 14 | E-FILING TRANSACTION 4671973 RECEIVED ON 02/02/2017 10:11:29 AM. | 02/02/2017 | | *NV* | |
| 15 | PROOF OF SERVICE OF SUMMONS FILED BY ASHOUR, FRED ON 02/02/2017 | 02/02/2017 | | 6 pages | |
| 16 | REQUEST FOR ENTRY OF DEFAULT FILED BY ASHOUR, FRED ON 02/02/2017 | 02/02/2017 | | 2 pages | |
| 17 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 05/05/2017 AT 09:30:00 AM IN C17 AT CENTRAL JUSTICE CENTER. | 02/03/2017 | | *NV* | |
| 18 | CASE MANAGEMENT CONFERENCE CONTINUED TO 05/05/2017 AT 09:30 AM IN THIS DEPARTMENT. | 02/03/2017 | | *NV* | |
| 19 | MINUTES FINALIZED FOR CASE MANAGEMENT CONFERENCE 02/03/2017 09:30:00 AM. | 02/06/2017 | | 1 pages | |
| 20 | E-FILING TRANSACTION 4684422 RECEIVED ON 02/27/2017 02:26:19 PM. | 03/03/2017 | | *NV* | |

Exhibit # ___3___    Page # ___1___

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 21 | REQUEST FOR COURT DEFAULT JUDGMENT FILED BY ASHOUR, FRED ON 02/27/2017 | 02/27/2017 | | 2 pages | |
| 22 | DECLARATION IN SUPPORT OF DEFAULT JUDGMENT BY COURT CCP 585(D) FILED BY ASHOUR, FRED ON 02/27/2017 | 02/27/2017 | | 5 pages | |
| 23 | STATEMENT OF CASE FILED BY ASHOUR, FRED ON 02/27/2017 | 02/27/2017 | | 2 pages | |
| 24 | REQUEST FOR DISMISSAL OF DOES FILED BY ASHOUR, FRED ON 02/27/2017 | 02/27/2017 | | 2 pages | |
| 25 | PROPOSED DEFAULT JUDGMENT RECEIVED ON 02/27/2017. | 02/27/2017 | | 2 pages | |
| 28 | MINUTES FINALIZED FOR CHAMBERS WORK 03/29/2017 04:00:00 PM. | 03/30/2017 | | 1 pages | |
| 29 | JUDGMENT FILED BY ASHOUR, FRED ON 03/29/2017 | 03/29/2017 | | 2 pages | |
| 30 | THE COURT ENTERS JUDGMENT AS TO COMPLAINT. | 03/29/2017 | | NV | |
| 31 | COMPLAINT DISPOSED WITH DISPOSITION OF DEFAULT JUDGMENT BY COURT. | 03/29/2017 | | NV | |
| 32 | CASE DISPOSED WITH DISPOSITION OF DEFAULT JUDGMENT BY COURT | 03/29/2017 | | NV | |
| 33 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 04/11/2017 | | 3 pages | |
| 34 | E-FILING TRANSACTION 3542155 RECEIVED ON 05/05/2017 12:38:13 PM. | 05/05/2017 | | NV | |
| 35 | ABSTRACT OF JUDGMENT (ISSUED ON 5/5/2017) RECEIVED ON 05/05/2017. | 05/05/2017 | | 2 pages | |
| 36 | PAYMENT RECEIVED BY AMERICANLEGALNET FOR 141 - ABSTRACT OF JUDGMENT IN THE AMOUNT OF 25.00, TRANSACTION NUMBER 12151390 AND RECEIPT NUMBER 11975173. | 05/05/2017 | | 1 pages | |

Participants:

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| FARHAD NADERI | DEFENDANT | | 08/17/2016 | |
| FRED ASHOUR | PLAINTIFF | | 08/17/2016 | |
| FISHER & KREKORIAN | ATTORNEY | | 08/17/2016 | |

Hearings:

| Description | Date | Time | Department | Judge |
|---|---|---|---|---|

Print this page

Exhibit # __3__ Page # __2__

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange

02/27/2017 at 02:28:10 PM
Clerk of the Superior Court
By Natasha Dorfman,Deputy Clerk

**JUD-100**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):<br>R. Kevin Fisher (State Bar No. 131455)<br>2121 Park Drive<br>Los Angeles, CA 90026<br>TELEPHONE NO: (310) 862-1225    FAX NO (Optional): (310) 388-0805<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY<br><br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br><br>MAR 29 2017<br><br>DAVID H. YAMASAKI, Clerk of the Court<br><br>BY: _____ ,DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PLAINTIFF: Fred Ashour

DEFENDANT: Farhad Naderi, etc., et al.

| JUDGMENT | | | CASE NUMBER |
|---|---|---|---|
| ☐ By Clerk    ☑ By Default | | ☐ After Court Trial | 30-2016-00869831-CU-BC-CJC |
| ☑ By Court    ☐ On Stipulation | | ☐ Defendant Did Not Appear at Trial | |

**JUDGMENT**

1. ☑ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☐ Clerk's Judgment (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
   e. ☑ Court Judgment (Code Civ. Proc., § 585(b)). The court considered
      (1) ☐ plaintiff's testimony and other evidence.
      (2) ☑ plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. ☐ **ON STIPULATION**
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
   b. ☐ the signed written stipulation was filed in the case.
   c. ☐ the stipulation was stated in open court    ☐ the stipulation was stated on the record.

3. ☐ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on (date and time):
      before (name of judicial officer):
   b. Appearances by:
      ☐ Plaintiff (name each):                    ☐ Plaintiff's attorney (name each):
         (1)                                          (1)
         (2)                                          (2)
      ☐ Continued on Attachment 3b.

      ☐ Defendant (name each):                    ☐ Defendant 's attorney (name each):
         (1)                                          (1)
         (2)                                          (2)
      ☐ Continued on Attachment 3b.

   c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.

   d. ☐ A statement of decision (Code Civ. Proc., § 632) ☐ was not ☐ was    requested.

Page 1 of 2

Exhibit # ___3___   Page # ___3___

| PLAINTIFF: Fred Ashour | CASE NUMBER |
|---|---|
| DEFENDANT: Farhad Naderi, etc., et al. | 30-2016-00869831-CU-BC-CJC |

**JUDGMENT IS ENTERED AS FOLLOWS BY:** ☑ THE COURT ☐ THE CLERK

4. ☐ **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5. **Parties. Judgment is**
   a. ☑ for plaintiff *(name each):*
      Fred Ashour
      and against defendant *(names):*
      Farhad Naderi, an individual, aka Fred Naderi

      ☐ Continued on Attachment 5a.

   b. ☐ for defendant *(name each):*

   c. ☐ for cross-complainant *(name each):*

      and against cross-defendant *(name each):*

      ☐ Continued on Attachment 5c.

   d. ☐ for cross-defendant *(name each):*

6. **Amount.**
   a. ☑ Defendant named in item 5a above must pay plaintiff on the complaint:

   c. ☐ Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

| (1) | ☑ | Damages | $ 275,000.00 |
|---|---|---|---|
| (2) | ☐ | Prejudgment interest at the annual rate of     % | $ |
| (3) | ☑ | Attorney fees | $ 960.00 |
| (4) | ☑ | Costs | $ 595.00 |
| (5) | ☐ | Other *(specify):* | $ |
| (6) | | TOTAL | $ 276,555.00 |

| (1) | ☐ | Damages | $ |
|---|---|---|---|
| (2) | ☐ | Prejudgment interest at the annual rate of     % | $ |
| (3) | ☐ | Attorney fees | $ |
| (4) | ☐ | Costs | $ |
| (5) | ☐ | Other *(specify):* | $ |
| (6) | | TOTAL | $ |

   b. ☐ Plaintiff to receive nothing from defendant named in item 5b.
      ☐ Defendant named in item 5b to recover costs $
         ☐ and attorney fees $

   d. ☐ Cross-complainant to receive nothing from cross-defendant named in item 5d.
      ☐ Cross-defendant named in item 5d to recover costs $
         ☐ and attorney fees $

7. ☐ Other *(specify):*

Date: 3-29-17

☑ _____
    JUDICIAL OFFICER
    CRAIG L. GRIFFIN

Date: _____
      ☐ Clerk, by _____, Deputy

---

(SEAL)

**CLERK'S CERTIFICATE *(Optional)***

I certify that this is a true copy of the original judgment on file in the court.

Date:

Clerk, by _____, Deputy

Page 2 of 2

JUD-100 [New January 1, 2002]    **JUDGMENT.**

Exhibit # __3__    Page # __9__

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 03/29/2017                    TIME: 04:00:00 PM          DEPT: C17

JUDICIAL OFFICER PRESIDING: Craig Griffin
CLERK: Lenora Silva
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2016-00869831-CU-BC-CJC**  CASE INIT.DATE: 08/17/2016
CASE TITLE: **Ashour vs. Naderi**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Breach of Contract/Warranty

---

EVENT ID/DOCUMENT ID: 72562386
**EVENT TYPE**: Chambers Work

---

### APPEARANCES

---

There are no appearances by any party.

585 packet received.

585 packet is read and considered.

<u>DEFAULT BY AFFIDAVIT</u>

The Court having reviewed the Default Prove Up by Affidavit, pursuant to C.C.P. 585.5 (d) now rules as follows:

Judgment granted for Plaintiff, Fred Ashour against Defendant, Farhad Naderi, an individual, aka Fred Naderi as set forth in the Judgment signed and filed this date.

The Case Management Conference set for 5/5/17 at 9:30 am in Department C17 is vacated.

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE** | |
| --- | --- |
| Central Justice Center | |
| 700 W. Civic Center Drive | |
| Santa Ana, CA 92702 | |
| **SHORT TITLE:** Ashour vs. Naderi | |
| | |
| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER: **30-2016-00869831-CU-BC-CJC** |

I certify that I am not a party to this cause. I certify that the following document(s), Judgment dated 03/29/17, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from email address on April 11, 2017, at 3:24:01 PM PDT. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

FISHER & KREKORIAN
RKF@FKSLAW.NET

Clerk of the Court, by: _~~Stephy Coran~~_ , Deputy

---

CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE

**Exhibit #** __3__ **Page #** __6__

V3 1013a (June 2004)                                                                 Code of Civ. Procedure , § CCP1013(a)

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**4929 Wilshire Boulevard, Suite 940, Los Angeles CA 90010**

A true and correct copy of the foregoing document entitled **MOTION TO DISMISS COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2), DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(, (a)(3), (a)(4), and (a)(5)S** will be served or were served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 8, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Karen S Naylor (TR)     acanzone@burd-naylor.com, knaylor@ecf.epiqsystems.com; knaylor@IQ7technology.com
US Trustee (SA)         ustpregion16.sa.ecf@usdoj.gov
Julie J Villalobos (PL)  julie@oaktreelaw.com, oakecfmail@gmail.com; villalobosjr51108@notify.bestcase.com

☐   Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On **January 8, 2018,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Farhad Naderi, 142 Cinnamon Teal, Aliso Viejo, CA 92656

☐   Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 8, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Erithe Smith, Ronald Reagan Federal Bldg. and Courthouse, 411 West Fourth St., Suite 5040, Santa Ana CA 92701

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| **January 8, 2018** | **Baruch C. Cohen** | /s/ Baruch C. Cohen |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**