| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Baruch C. Cohen, Esq. (SBN 159455)<br>LAW OFFICE OF BARUCH C. COHEN<br>        A Professional Law Corporation<br>4929 Wilshire Boulevard, Suite 940<br>Los Angeles, California 90010<br>(323) 937-4501    Fax (323) 937-4503<br>Email:  baruchcohen@baruchcohenesq.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for  Farhad Naderi* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA –  SANTA ANA DIVISION**

| In re:<br><br>Farhad Naderi<br><br>                                            Debtor(s). | CASE NO.: 2:15-BK-20351-BB<br>CHAPTER: 7<br>ADVERSARY NO.: 2:15-AP-01535-BB |
|---|---|
| FRED FARID ASHOUR<br><br>                                            Plaintiff(s),<br><br>vs.<br><br>Farhad Naderi<br><br>                                            Defendant. | **NOTICE OF LODGMENT OF ORDER OR JUDGMENT IN ADVERSARY PROCEEDING RE:**<br><br>**DEFENDANT'S MOTION TO DISMISS COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2), DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a), (a)(3), (a)(4), and (a)(5)** |

PLEASE TAKE NOTE that the order or judgment titled **ORDER GRANTING IN PART & DENYING IN PART DEFENDANT'S MOTION TO DISMISS COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2), DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a), (a)(3), (a)(4), and (a)(5)** was lodged on April 12, 2018 and is attached. This order relates to the Motion which is at docket number 4.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                            Page 1                                               **F 9021-1.2.ADV.NOTICE.LODGMENT**

Baruch C. Cohen, Esq. (SBN 159455)
**LAW OFFICE OF BARUCH C. COHEN**
    A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(323) 937-4501       Fax (323) 937-4503
e-mail: baruchcohen@baruchcohenesq.com

*Attorneys for Defendant Farhad Naderi*

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>FARHAD NADERI<br><br>Debtor | Case No. 8:17-bk-12188-ES<br><br>Adv. 8:17-ap-01233-ES<br><br>Before the Honorable Erithe Smith<br><br>Chapter 7 |
| FRED FARID ASHOUR<br><br>Plaintiff<br><br>vs.<br><br>FARHAD NADERI<br><br>Defendant | **ORDER GRANTING IN PART & DENYING IN PART DEFENDANT'S MOTION TO DISMISS COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2), DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a), (a)(3), (a)(4), and (a)(5)**<br><br>*<u>Hearing Date & Time:</u>*<br>Date:    4-12-2018<br>Time:    2:00PM<br>Place:    Courtroom 5A |

      The hearing on Defendant Farhad Naderi's *Motion to Dismiss Complaint to Determine Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2), Denial of Discharge Pursuant to 11 U.S.C. § 727(a), (a)(3), (a)(4), and (a)(5)* (the "Motion") came on for hearing at the above-captioned date time and place.

Appearances were noted on the record of the proceedings. After having considered the Motion and all relevant documentation and argument in support of the Motion, both Plaintiff & Defendant submitted on the Court's Tentative, and Plaintiff's stated desire on the record to not prosecute this case any further and file a Request for Dismissal with prejudice of this matter, and for all the reasons stated in the record of the proceedings and such other matters as the Court deemed appropriate,

**IT IS HEREBY ORDERED** that:

Grant in part; Deny in Part, pursuant to this Court's Tentative, a copy of which is attached and now made part of the record.

###

United States Bankruptcy Court
Central District of California
Santa Ana
Judge Erithe Smith, Presiding
Courtroom 5A Calendar

Thursday, April 12, 2018          Hearing Room    5A

2:00 PM
**8:17-12188**    **Farhad Naderi**                                                    Chapter 7
Adv#: 8:17-01233      Ashour v. Naderi

       #36.00    CONT'D Hearing RE: Defendant's Motion to Dismiss Complaint to Determine Nondischargeability of Debt Pursuant to 11 U.S.C. Section 523(a)(2), Denial of Discharge Pursuant to 11 U.S.C. Section 727(a),(2),(A),(3),(a)(4), and (a)(5)

               FR: 3-22-18

                                       Docket     4

**Courtroom Deputy:**

     - NONE LISTED -

**Tentative Ruling:**

       **April 12, 2018 [UPDATE - TENTATIVE MODIFIED SINCE ORIGINAL POST]**

       Grant in part; Deny in Part. Plaintiff must file an amended complaint by May 3, 2018; responsive pleading to be filed by May 31, 2018.

       Grant motion with leave to amend as follows: 1) First Claim for Relief: As to 727(a)(2)(A), Plaintiff will be permitted leave to amend if only he can allege facts concerning a transfer of property of Defendant within <u>one year</u> of the filing. If he cannot, no claim for relief under 727(a)(2)(A) may be included in the amended complaint; As to 727(a)(2)(B), Plaintiff will be permitted leave to amend the Complaint if he can allege specific facts concerning the postpetition transfer, removal, etc. of identifiable property. If he cannot, no claim for relief under 727(a)(2)(B) may be included in the amended complaint. 2) Third Claim for Relief: Plaintiff will be permitted to amend the Complaint as to 523(a)(2)(A); Deny Motion as to the claim for relief under 727(a)(4).

                   <u>Standard for Motion to Dismiss pursuant to FRCP 12(b)(6)</u>

       To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
Judge Erithe Smith, Presiding
Courtroom 5A Calendar

Thursday, April 12, 2018    Hearing Room    5A

2:00 PM
CONT...    Farhad Naderi    Chapter 7

its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and probability of entitlement to relief. *Id*. A Rule 12(b)(6) dismissal may be based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).

In reviewing a complaint under 12(b)(6), the court is limited to the contents of the complaint. *See Enesco Corp. v. Price/Costco, Inc.*, 146 F.3d 1083, 1085 (9th Cir.1998). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *See id*. The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), opinion amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001).

FRCP 9(b)

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000)("Federal Rule of Civil Procedure 9(b) and the PSLRA require Desaigoudar to plead her case with a high degree of meticulousness."). If particular averments of fraud are insufficiently pled under Rule 9(b), a district court should "disregard" those averments, or "strip" them from the claim. The court should then examine the allegations that remain to determine whether they state a claim. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003). Rule 9(b) supplements but does not supplant Rule 8(a)'s notice pleading. *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009).

Leave to Amend

United States Bankruptcy Court
Central District of California
Santa Ana
Judge Erithe Smith, Presiding
Courtroom 5A Calendar

Thursday, April 12, 2018                                                          Hearing Room        5A

2:00 PM
CONT...        Farhad Naderi                                                                     Chapter 7

Leave to amend a complaint or claim is generally within the discretion of the bankruptcy court and is reviewed under the abuse of discretion standard. *Mende v. Dun & Bradstreet, Inc.*, 670 F.2d 129 (9th Cir. 1982). Federal Rule of Civil Procedure 15 (made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7015) provides that a party may amend the party's pleading by leave of court and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). The Ninth Circuit applies this rule with "extreme liberality." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997). In exercising its discretion, a bankruptcy court "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *In re Magno*, 216 B.R. 34 (9th Cir. BAP 1997). A bankruptcy court considers the following factors in determining whether a motion to amend should be granted: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Hurn v. Retirement Fund Trust of Plumbing, Etc.*, 648 F.2d 1252, 1254 (9th Cir. 1981).

### 11 U.S.C. §523

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

...

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

For a debt to be non-dischargeable pursuant to § 532(a)(2)(A), the following five elements must be proved by a preponderance of the evidence:
(1) the debtor made the representations;
(2) that at the time he knew they were false;

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
Judge Erithe Smith, Presiding
Courtroom 5A Calendar

Thursday, April 12, 2018      Hearing Room    5A

2:00 PM
CONT...    **Farhad Naderi**      Chapter 7

    (3) that he made them with the intention and purpose of deceiving the creditor;
    (4) that the creditor [justifiably] relied on such representations;
    (5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made.

*In re Kirsh*, 973 F.2d. 1454, 1457 (9th Cir. 1992).

### 11 U.S.C. §727

    (a) The court shall grant the debtor a discharge, unless—
    ...
    (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed--
        (A) property of the debtor, within one year before the date of the filing of the petition; or
        (B) property of the estate, after the date of the filing of the petition;
    ...
    (4) the debtor knowingly and fraudulently, in or in connection with the case--
        (A) made a false oath or account;
        (B) presented or used a false claim;
        (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or
    (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

### Sufficiency of Complaint as to 523(a)(2)(A)

    The court finds that paragraphs 13, 14, 27, 28, 29, 30 and 31 sufficiently plead a claim for fraud under the *Iqbal*, *Twombly* and FRCP 9(b). Importantly, the alleged misrepresentations are stated with specificity, i.e., that Defendant allegedly represented to Plaintiff that if Plaintiff released his

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
Judge Erithe Smith, Presiding
Courtroom 5A Calendar

Thursday, April 12, 2018                                          Hearing Room    5A

2:00 PM
CONT...    Farhad Naderi                                                    Chapter 7
lien on the subject real property Defendant would sell the property and repay Plaintiff from the proceeds. However, there may be an issue regarding the running of the statute of limitations. Plaintiff will be granted leave to attempt to address the factual matter of the time of discovery of the alleged fraud. The statute of limitations runs from the time of discovery of the fraud, not from the time of the transaction.

**Sufficiency of the Complaint as to 727(a)(2)(A) and (B)**

The Complaint does not sufficiently plead facts under 727(a)(2)(A), i.e., that Defendant transferred or concealed "property of the debtor within one year of the filing of the petition." The petition was filed May 31, 2017. One year prior to the filing would be approximately May 31, 2016. The Complaint alleges at paragraph 14(b) that Defendant sold his property on March 29, 2013, more than 5 years prior to the bankruptcy filing. The Complaint goes on to refer to subsequent transfers by *nondebtor* parties. As to one of the transferees, Pacific Shores Trust, Plaintiff alleges that Defendant has an interest in PST. However, an interest in a trust or other entity does not equate to an interest in property owned by such entity. Even if it does, the last transaction referred to in the Complaint occurred on April 30, 2015, more than two years prior to the filing of the petition. Based on the facts set forth in the Complaint, the court does not believe that Plaintiff can plausibly state a claim under 727(a)(2)(A) even if leave to amend were granted. As to 727(a)(2)(A), Plaintiff will only be permitted leave to amend if Plaintiff can allege facts concerning a transfer of property of Debtor within one year of the filing. If he cannot, no claim for relief under 727(a)(2)(A) may be included in the amended complaint.

The Complaint does not sufficiently state a claim under 727(a)(2)(B), i.e., the transfer, removal, destruction, mutilation or concealment of property after the filing of the petition. Specifically, the Complaint does not identify any such property that was so affected after May 31, 2017. As to 727(a)(2)(B), Plaintiff will only be permitted leave to amend the Complaint if he can allege specific facts concerning the postpetition transfer, removal, etc. of identifiable property. If he cannot, no claim for relief under 727(a)(2)(B) may be included in the amended complaint.

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
Judge Erithe Smith, Presiding
Courtroom 5A Calendar

Thursday, April 12, 2018      **Hearing Room**    **5A**

<u>2:00 PM</u>
**CONT...**     **Farhad Naderi**        **Chapter 7**

<u>Sufficiency of the Complaint as to 727(a)(4)</u>

Paragraphs 10, 11, 24 and 25 sufficiently state a claim for relief under 727(a)(4) at to Defendant's alleged interest in Miss Sunshine's Gourmet Treats. Defendant's attempt to present legal argument regarding the term "use" is not appropriate for a 12(b)(6) motion.

Paragraphs 12 and 25 sufficiently state a claim for relief under 727(a)(4) as to alleged obligations owing to the California Franchise Tax Board. Defendant's attempt to submit documentation on this issue outside the Complaint is not appropriate for 12(b)(6) motion and the court declines to treat the Motion as one for summary judgment. FRCP 12(d). That said, if Plaintiff is now satisfied that the subject debts have been paid, he can choose to exclude the allegation from the amended complaint.

### Party Information

**Debtor(s):**

Farhad Naderi        Represented By
       Halli B Heston

**Defendant(s):**

Farhad Naderi        Represented By
       Baruch C Cohen

**Plaintiff(s):**

Fred Farid Ashour        Represented By
       Larry Fieselman
       Julie J Villalobos

**Trustee(s):**

Karen S Naylor (TR)        Pro Se

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER OR JUDGMENT IN ADVERSARY PROCEEDING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 12, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Baruch C Cohen    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
Karen S Naylor (TR)    acanzone@burd-naylor.com, knaylor@ecf.epiqsystems.com; knaylor@IQ7technology.com
US Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Julie J Villalobos (PL)    julie@oaktreelaw.com, oakecfmail@gmail.com; villalobosjr51108@notify.bestcase.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:  On **April 12, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **-----**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Erithe Smith, Ronald Reagan Federal Bldg. and Courthouse, 411 West Fourth St., Suite 5040, Santa Ana CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 12, 2018 | **Baruch C. Cohen** | /s/ Baruch C. Cohen |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 2    **F 9021-1.2.ADV.NOTICE.LODGMENT**